HENRY GILES V. THE STATE.

No. 3590. Decided June 9, 1915.

Rehearing denied June 25, 1915.

**1.—Robbery—Indictment—Pleading.**

Where, upon trial of robbery, the defendant's contention that the pleader undertook in one count of the indictment to charge two separate and distinct

offenses, was not well taken, there was no error in overruling a motion to quash. Following Green v. State, 66 Texas Crim. Rep., 446.

**2.—Same—Statement of Facts, Stenographer—Capital Case.**

Where defendant was charged with a capital offense, and counsel was appointed to defend him, and the court stenographer made out a full and complete statement of facts in narrative form, and appellant's counsel refused to file same, or to make out a statement of facts therefrom, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford.

Appeal from a conviction of robbery by putting party in fear of life and bodily injury by the use of firearms; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. C. McDonald, Assistant Attorney General, for the State.—On question of sufficiency of the indictment: Bell v. State, recently decided, and case cited in the opinion.

HARPER, JUDGE.—Appellant was convicted of robbery, and prosecutes an appeal on the sole ground that the court erred in overruling his motion to quash the indictment, he contending that in one count thereof it undertook to charge two separate and distinct offenses. This contention is not well taken. Green v. State, 66 Texas Crim. Rep., 446, 147 S. W. Rep., 593.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 25, 1915.

HARPER, JUDGE.—Appellant asks this court to grant a new hearing and reverse and remand this cause, because he has been deprived of a statement of facts. As appellant was charged with a capital offense and counsel was appointed to defend him, if the court had not required the court stenographer to furnish him with a copy of the stenographic notes, this contention would be well taken. But in this instance the stenographer made out a full and complete statement of facts in narrative form, and appellant's counsel refused to file same, because he contends it is not correct in some particulars. The law requires the court stenographer only to furnish a copy of his notes that appellant's counsel may make out a statement of facts. As the stenographer went further, and certainly furnished appellant with all the information required by law to be furnished, and he could from the data furnished make out a statement of facts, the same as if he had only been furnished with the notes, this presents no ground for reversal.

The motion is overruled.    *Overruled.*